# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>LARRY LLOYD,<br><br>                  Petitioner. | No.  52997-1-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J.  —  Larry Lloyd seeks relief from personal restraint imposed as a result of his 2017 plea of guilty to failure to register as a sex offender.[1]  His standard sentence range was 43 to 57 months.  The State offered, and he agreed to, an exceptional sentence downward of 12 months of confinement followed by 36 months of community custody.  He now seeks to withdraw his plea, arguing that his trial counsel provided ineffective assistance of counsel when he did not move for dismissal of the charges based on witness statements that Lloyd was still living at his fixed address during the period he allegedly had failed to register.  He also argues that his counsel misinformed him that (1) he was subject to 36 months of community custody, when RCW

---

[1] Lloyd filed a motion to withdraw his plea with the trial court.  That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.  Lloyd's judgment and sentence was entered December 28, 2017, making his November 29, 2018 petition timely filed. RCW 10.73.090(3)(a).

9.94A.702(1)(e) allows for only 12 months of community custody for the crime of failure to register as a sex offender and (2) his crime would be treated as a sex offense.

As to his claim of ineffective assistance of counsel, in the context of entering a plea of guilty, Lloyd must show a reasonable probability that he would not have entered the plea had his counsel provided effective assistance. *State v. Buckman*, 190 Wn.2d 51, 71, 409 P.3d 193 (2018). This Lloyd does not do. The State offered, and he accepted, an exceptional sentence downward that resulted in him receiving only 12 months of confinement. He does not show a reasonable probability that he would not have entered his plea but for the alleged ineffective assistance of counsel.

As to the first claim of erroneous advice, the State concedes that Lloyd should have been sentenced to only 12 months of community custody and asks that we remand Lloyd's judgment and sentence for correction. But it contends that Lloyd's counsel's erroneous advice does not justify allowing Lloyd to withdraw his plea because Lloyd does not show that he was actually and substantially prejudiced. *Buckman*, 190 Wn.2d at 71. We agree.

As to the latter claim of erroneous advice, he is incorrect. Because he has been convicted of failure to register as a sex offender more than once, this conviction is considered a "sex offense" under RCW 9.94A.030(47)(a)(v). He was not erroneously advised in this regard.

No. 52997-1-II

We remand Lloyd's judgment and sentence for correction, but otherwise deny his petition. We deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
WORSWICK, J.

We concur:

_____
MAXA, C.J.

_____
SUTTON, J.